UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD E. SHAW, | ) |
| PLAINTIFF, | ) ) ) |
| v. | ) Civ. No. 14-cv-2203 (KBJ) |
| OCWEN LOAN SERVICING, LLC, *et al.*, | ) ) ) ) |
| DEFENDANTS. | ) ) ) |

## MEMORANDUM OPINION

Pro se plaintiff Richard E. Shaw ("Plaintiff"), a resident of South Carolina, has filed a complaint against Ocwen Loan Servicing, LLC, Wells Fargo Bank, N.A., and Morgan Stanley ABS Capital, Inc. ("Defendants").[1] Although the underlying facts are exceedingly murky, Plaintiff's complaint appears to concern Georgia state court foreclosure proceedings for property in Georgia that Plaintiff owned. (*See* Original Civil Compl. ("Compl."), ECF No. 1, at 2-3 ("The matter in general seeks to adequately challenge the foreclosure on a mortgage of [certain] property described in Case No. 2013-CA-009541 for the Fourth Judicial Circuit, FAYETTE County, STATE OF GEORGIA[.]").) The dearth of factual allegations and the lack of specified counts in Plaintiff's complaint, as described below, compels this Court to conclude that the complaint must be **DISMISSED** *sua sponte* under Federal Rules of Civil Procedure 8(a) and 12(b)(6).

---

[1] According to the caption of the complaint, Ocwen Loan Servicing, LLC is located in Florida, Wells Fargo Bank, N.A. is located in South Carolina, and Morgan Stanley ABS Capital, Inc. is located in New York.

DISCUSSION

"Ordinarily, the sufficiency of a complaint is tested by a motion brought under Rule 12(b)(6), which tests whether a plaintiff has properly stated a claim" upon which relief can be granted.  *Bauer v. Marmara*, 942 F. Supp. 2d 31, 37 (D.D.C. 2013) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  However, if the complaint's failure to state a claim for the purpose of Rule 12(b)(6) "is patent, it is practical and fully consistent with plaintiffs' rights and the efficient use of judicial resources for the court to act on its own initiative and dismiss the action." *Id.* (internal quotation marks and citation omitted).  Moreover, under Rule 8(a), a court is authorized to dismiss a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility "is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks and citation omitted).  The plausibility standard is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

To be sure, pro se pleadings are entitled to liberal interpretation.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  "However, this consideration does not constitute a license for a plaintiff filing pro se to ignore the Federal Rules of Civil Procedure or expect the Court to decide what claims a plaintiff may or may not want to assert." *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  District courts have discretion to dismiss a pro se plaintiff's complaint *sua sponte* where there is simply "no factual or

legal basis for alleged wrongdoing by defendants," such that it is "patently obvious that the plaintiff cannot prevail on the facts alleged in the complaint." *Perry v. Discover Bank*, 514 F. Supp. 2d 94, 95 (D.D.C. 2007) (quoting *Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 726–27 (D.C. Cir. 1990)).

*Sua sponte* dismissal is plainly warranted in this case.  Simply stated, there are no clear allegations of fact to support, or even to illuminate, the nature of Plaintiff's claim.  Nor does the complaint contain any counts or make any specific references to the actions of any individual Defendant.  Instead, Plaintiff generally states that he brings his complaint "for Civil Demand of ($USD175,900.00) that deals in Internal Revenue Service ("IRS") cancelled debt and this IRS Federal 871 Tax Suit; Cause cited as 26:7609 as an IRS Petition to Quash IRS Summons to require Defendant to produce bona fide proof of an Execution of Assignment to offset claims of fraud and civil demands and judgments."  (Compl. at 1.)  Try as it might, this Court cannot begin to decipher exactly what Plaintiff means by this, much less what his cause of action might be.  The notation in Plaintiff's Civil Cover Sheet that his cause of action is "For an Independent State Audit and Federal Investigation on [sic] Defendant[s] for accounting fraud[,]" (Civil Cover Sheet, ECF No. 1-1, at 2) further underscores that Plaintiff has failed to state any plausible cause of action, as does the closing line of his complaint, which states that "[a]ll answers hereafter will be made directly to the United States Government, or the United States Attorney General and the United States Department of Justice and Federal Bureau of Investigation[,]" (Compl. at 8).  Thus, far from providing a short and plain statement of the claim as the Federal Rules require, Plaintiff's complaint is a largely incomprehensible compendium of statements of law

and citations to cases and statutes in a manner that does not "give adequate notice of the alleged unlawful acts" that form the basis of his claim.  *Sinclair v. Kleindienst*, 711 F.2d 291, 293 (D.C. Cir. 1983).

Accordingly, pursuant to Rules 8(a) and 12(b)(6), Plaintiff's complaint will be **DISMISSED** without prejudice. A separate Order accompanies this Memorandum Opinion.

Date:  August 18, 2015

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge